## M. FRANK *v.* ADAMS EXPRESS COMPANY.

Common Carriers are not liable for uncontrollable events—such as the destruction on their boats by the power of heat, etc.

APPEAL from the Sixth District Court of New Orleans, *Leaumont,* J. *Geo. S. Lacey,* for plaintiff.  *J. H. Vandalson* and *Billings,* for defendant and appellant.

HOWELL, J.   This is a suit to recover the sum of eight hundred dollars, being the amount of a draft collected in Vicksburg, Mississippi, for plaintiff, by defendant, in the regular course of its business, and which it undertook, for a fixed compensation, to transmit to plaintiff in New Orleans.

According to the receipt, taken and filed by plaintiff, the proceeds of collection were to be returned by express, in funds current when the collection was made.   When collected, they were sealed up in a package, addressed to plaintiff's agent here, and, with other valuables, put (as usual) in a safe belonging to the company, which was placed in the charge of its messenger, and deposited in his state-room, on board the steamboat J. H. Russell.

On the way to New Orleans the boat took fire, and was rapidly consumed, very little (if any) of the passengers' baggage being saved.   On the morning after the fire (which occurred about dark), the defendants' safe was moved from the sunken wreck, brought to this city, and, on being opened, the contents were found to be in ashes.

It is not pretended that the defendant had any control of the boat, or was in any manner responsible for the cause of its destruction; and, it being shown that it was, by the terms of its contract, *relieved* from the liability of an insurer, the only question is, did the company use due diligence and proper foresight to provide against such a casualty ?

There is evidence that the usual mode of transmitting such packages was adopted in this instance; and we have nothing before us from which to conclude that there are safes, used for such purposes, which could resist the action or power of the heat of a burning steamboat, to which this one was subjected; and we do not think that, under the contract and circumstances in this case, the defendant should be held to have provided such a safe, if it were possible.

It is therefore ordered, that the judgment of the lower Court be reversed, and that there be judgment in favor of defendant, with costs in both Courts.